541 So.2d 278 (1989)
Jack R. UNIS, d/b/a R.J. Insulation, Plaintiff-Appellee,
v.
JTS CONSTRUCTORS/MANAGERS, INC., JTS Realty XVII, Joseph T. Spinosa, and David B. Ammons, Defendants-Appellants.
No. 87-1292.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
*279 David W. Burton, Deridder, for plaintiff-appellee.
Rubin, Curry, Colvin & Joseph, Stephen P. Strohschein, Baton Rouge, for defendants-appellants.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
DOMENGEAUX, Judge.
This opinion will address the issues presented for review in the consolidated cases entitled: Jack R. Unis, d/b/a R.J. Insulation v. JTS Constructors/Managers, Inc., JTS Realty XVII, Joseph T. Spinosa, and David B. Ammons; Jack R. Unis, II v. JTS Constructors/Managers, Inc., Et al.; and Jack R. Unis, II v. JTS Constructors/Managers, Inc., Et al., respectively numbered by our Clerk of Court 87-1292, 87-1293 and 87-1294. These suits, which were tried in the Parish of Beauregard, were originally filed in the Parishes of Beauregard, Lafayette and Iberia and were respectively numbered by the Clerks of the District Courts C-85-612, 85-8259-C and 59484-D. We will, for the reasons hereinafter set forth, decide all issues in this opinion but, will render separate decrees in the two suits entitled: Jack R. Unis, II v. JTS Constructors/Managers, Inc., Et al., respectively filed in the Parishes of Lafayette and Iberia and numbered by our Clerk 87-1293 and 87-1294.
These actions arose as the result of five construction contracts entered into between *280 Jack R. Unis, II (Unis), a painting and insulation subcontractor doing business as R.J. Insulation and JTS Constructors/Managers, Inc. (JTS Constructors), a general contractor. The contracts concerned the painting and insulation of three apartment complexes of approximately 50,000 square feet each of which the overall construction was undertaken by JTS Constructors. The construction projects were referred to as the Palmetto Creek Project in Beauregard Parish, the Ridgeview Project in Lafayette Parish and the Evangeline Trace Project in Iberia Parish. Unis entered into three separate subcontracts with JTS Constructors to perform the insulation work on the projects. Unis also entered into two additional subcontracts with JTS Constructors which called for the painting of the Ridgeview and Evangeline Trace Projects. The subcontractor did not contract to paint the Palmetto Creek Project.
Unis commenced these proceedings against JTS Constructors seeking sums allegedly outstanding for the work performed according to the construction subcontracts.[1] The plaintiff also sought recovery as provided by La.R.S. 9:2784 (1984) for JTS Constructors' alleged failure to pay Unis "without reasonable cause" within twenty-one consecutive days after receiving payment from the owner of the projects. R.S. 9:2784(C) provides, in part, for a penalty:
in the amount of one-half of one percent of the amount due, per day, from the expiration of the period allowed herein for payment after the receipt of payment from the owner.
The statute places a ceiling on the penalty of fifteen percent of the outstanding balance unreasonably withheld.
JTS Constructors answered Unis' petition alleging that the plaintiff had not performed according to the terms and conditions of the subcontracts and that it was justified in removing Unis from the Ridgeview and Evangeline Trace Projects for delays in performance and poor workmanship. The defendant's answers in the Ridgeview and Evangeline Trace suits also included reconventional demands seeking sums in excess of the original contract price allegedly expended to fulfill Unis' painting obligations on the projects. JTS Constructors sought, in the alternative, compensation (set-off) for any sums it might owe Unis against the unanticipated expenses it incurred to cover Unis' alleged breach of its painting subcontracts on the Ridgeview and Evangeline Trace Projects. The defendant's pleadings also sought to have Unis held liable for the liquidated damages it incurred for its own delay in performance as the general contractor. Subsequent to both answering the plaintiff's suits and their consolidation, JTS Constructors filed two "Supplemental and Amending Reconventional Demand[s]" seeking liquidated damages from Unis allegedly in accordance with the terms of the Ridgeview and Evangeline Trace painting subcontracts.
The Trial Judge, in his "Reasons For Judgment" initially addressed the parties' disputes concerning the three insulation subcontracts. The Court accepted the parties' stipulation that Unis was due $17,195.90 for his work on the Palmetto Creek Project and then concluded that the insulation work on both the Ridgeview Project and the Evangeline Trace Project was substantially performed. The Court concluded that the contract price for the insulation of the Ridgeview Project was $17,302.65, that Unis had been paid $15,572.38 and that JTS Constructors was indebted unto Unis for the $1,730.27 balance. The Judge then determined that the contract price for the insulation of the Evangeline Trace Project was $20,142.17, that Unis had received $13,091.54 and that $7,050.63 remained to be paid to Unis.
The Trial Judge next reviewed R.S. 9:2784 to determine if Unis was entitled to any statutory penalties. The Trial Court reasoned that Unis was entitled to no penalties *281 for the sums withheld by JTS Constructors on the Ridegview and Evangeline Trace Projects because it was reasonably withheld pending a resolution of the parties' disputes over the painting subcontracts. The Court was of the opinion, however, that Unis was entitled to recover penalties on the Palmetto Creek Project because the parties stipulated to the amount owed and because there was no painting or other work over which the parties had any dispute. Simply stated, the Trial Judge held that because no disputes existed between the parties over the Palmetto Creek Project, it was unreasonable for JTS Constructors to withhold payment. Unis was awarded a fifteen percent penalty on the $17,195.50 withheld which amounted to $2,579.38.
Subsequent to resolving the disputes concerning the insulation subcontracts, the Trial Court addressed the Ridgeview and Evangeline Trace painting subcontract disputes. The Court was of the opinion that the painting work at the Ridgeview Project had been substantially performed by Unis before he was ordered off the job on January 25, 1985, despite also concluding that there was some unfinished work and that some of the completed work was substandard. The Judge reasoned that because the contract had been substantially performed Unis was entitled to the full contract price, $44,800.00, less reasonable costs incurred by JTS Constructors in obtaining full performance, including the recompletion of unsatisfactory work. Unis argued that the project was ninety-seven percent complete when he was ordered off the job, that he had been paid $34,272.00 by that time and that he was due $9,184.00 which would compensate him in an amount equal to ninety-seven percent of the contract price. JTS Constructors presented evidence that it cost the company $17,000.00 to have J.D. Gaudet Painters, another painting subcontractor, complete the Ridgeview painting work, $6,572.00 more than the Unis contract price, and that it was entitled to recover the amount in excess of the original contract price from Unis.
The Trial Court held that JTS Constructors was justified in terminating Unis, but declined to render judgment on this issue in favor of either party. The Judge opined that the evidence establishing the extent of the work completed was inconclusive and that he "was not impressed with Mr. Gaudet's testimony." The Trial Court then reasoned that the $10,528.00 which JTS Constructors had withheld from Unis should have been sufficient to have the painting work corrected and completed.
JTS Constructors and Unis entered into an agreement for the painting of the Evangeline Trace Project which called for Unis to be paid $42,352.80. According to the findings of the Trial Court, when Unis was terminated at the Evangeline Trace Project on January 25, 1985, for the same causes which arose at the Ridgeview Project, untimely performance and poor workmanship, the Evangeline Trace subcontract had yet to be substantially performed. Judgment was rendered in favor of JTS Constructors on this issue for $9,664.72 which amounted to the sum paid Gaudet Painters which was in excess of the contract price agreed upon with Unis. The defendant paid Gaudet Painters a total of $31,000.00 to complete and correct the Evangeline Trace painting work but, because Unis had not received the full contract price, JTS Constructors was only awarded $9,664.72.
JTS Constructors also sought to have Unis held liable for the liquidated damages it incurred for its untimely performance as the general contractor and for liquidated damages to which it alleged entitlement according to the terms and conditions of the Ridgeview and Evangeline Trace painting subcontracts. The Trial Court declined JTS Constructors' demand for reimbursement of the liquidated damages it allegedly had to pay stating that the evidence did not support any award. The Court found that, although Unis' work was not completed timely and some of the work was of poor quality, Unis was not the only subcontractor responsible for progress delays which the Trial Court determined that existed from the start of construction. The Trial Court also held that the overall supervision *282 of the projects by JTS Constructors was poor.
The Court declined to award JTS Constructors liquidated damages as provided for in the Ridgeview and Evangeline Trace painting subcontracts. The painting subcontracts called for completion of the painting work within seventy-five days of June 4, 1984, for the Ridgeview Project and August 1, 1984, for the Evangeline Trace Project. The contracts respectively provided for per diem liquidated damages of $150.00 and $450.00. JTS Constructors was denied judgment, despite the fact that neither project had been completed by January 25, 1985, when Unis was ordered off the projects, because the Trial Judge was of the opinion that the defendant had failed to properly claim them in its pleadings.
JTS Constructors sought this review and assigned four errors. The issues on appeal are:
(1) Did JTS Constructors trigger the penalty provision of R.S. 9:2784 by withholding payment, "without reasonable cause", from Unis for the insulation work Unis performed on the Palmetto Creek Project when reasonable disputes existed as to the performance of the Ridgeview and Evangeline Trace painting subcontracts?
(2) Did JTS Constructors fail to follow the requisite civil procedure articles and not properly claim liquidated damages from Unis as provided for in the Ridgeview and Evangeline Trace painting subcontracts?
(3) Did the Trial Court err in failing to award JTS Constructors liquidated damages for the alleged delays in performance of the Ridgeview and Evangeline Trace painting subcontracts?
and
(4) Is JTS Constructors entitled to the $6,572.00 it paid Gaudet Painters in excess of the $44,800.00 contract price JTS Constructors had agreed upon with Unis for the painting work at the Ridgeview Project?
The initial issue on appeal questions whether it was reasonable for JTS Constructors to withhold payment from Unis for the insulation work performed on the Palmetto Creek Project when reasonable disputes existed over Unis' performance of the Ridgeview and Evangeline Trace painting subcontracts. The Trial Court awarded Unis the penalty provided by R.S. 9:2784 on the grounds that the three construction projects were separate undertakings and that the payment for the Palmetto Creek work was withheld "without reasonable cause" because no disputes existed between the general contractor and the subcontractor on the project. Subsequent to our review of 9:2784 and the facts of these suits, we do not believe the Trial Judge erred. The decision of the Trial Judge on this issue will, therefore, be affirmed for the reasons assigned in his "Reasons For Judgment".
JTS Constructors' second assignment on appeal seeks review of the District Court decision that it failed to properly claim liquidated damages from Unis for Unis' delay in performance of the Ridgeview and Evangeline Trace painting subcontracts. The Trial Judge in his written reasons held that JTS Constructors had "failed to properly claim, either as an affirmative defense or a reconventional demand, the liquidated damages specified in the [Ridgeview and Evangeline Trace] painting subcontracts." We feel that the Trial Judge erred in that conclusion, however, as will be shown by our treatment of the third issue, the Trial Judge's error is of no moment.
Our review of the pleadings reveals that on October 24, 1986, JTS Constructors was granted leave to file two "Supplemental and Amending Reconventional Demand[s]". These amending pleadings sought liquidated damages from Unis as provided for in the Ridgeview and Evangeline Trace painting subcontracts for Unis' failure to complete the painting work within seventy-five days after having been given permission to begin work.
Having resolved the preceding issue in favor of JTS Constructors, we must now determine whether the defendant-plaintiff-in-reconvention is entitled to the stipulated *283 damages and, if so, what amount of damages should be awarded. The Ridgeview and Evangeline Trace painting subcontracts both provide in "Schedule DPERFORMANCE SCHEDULE ... work to begin as directed by Project Manager and to be completed within 75 (seventy-five) calendar days." "ScheduleA" of the Ridgeview agreement provided for liquidated damages to be assessed at the rate of $150.00 per day and the same provision of the Evangeline Trace contract provided for damages to be assessed at the rate of $450.00 per day.
The evidence indicates that JTS Constructors' project manager(s) permitted the painting work to commence on the Ridgeview Project on June 4, 1984, and on the Evangeline Trace Project on August 18, 1984. When JTS Constructors ordered Unis off both job sites on January 25, 1985, neither painting contract had been completely performed.
Clause "7" of both painting subcontracts, captioned "Extensions of Time" provides that under certain limited circumstances Unis had the right to obtain reasonable extensions of time for the required performance. The second paragraph of clause "7" expressly provides, however, that "[n]otwithstanding anything to the contrary in the Contract Documents or this Subcontract, Subcontractor shall not be entitled an extension of time unless a written notice of delay shall have been delivered to Contractor within 72 hours after commencement of the claimed delay." No evidence was presented at trial establishing that Unis provided JTS Constructors with written notice of any delays.
Despite our conclusions that Unis did not perform his contract obligations within the requisite seventy-five day period and that he also failed to abide by the contract provision mandating written notice for delays, we do not believe the law provides a remedy for JTS Constructors. Relying upon the law as in effect in 1984 when the Ridgeview and Evangeline Trace contracts were executed, particularly La. Civ.Code arts. 2117, 2118, 2120 and 2125 (1870), addressing penal clauses and the Louisiana Supreme Court decision in Pennington v. Drews, 218 La. 258, 49 So.2d 5 (1949), we do not believe the conclusion of the Trial Judge on this issue should be overturned, although we have assigned other grounds. The Code and the interpreting jurisprudence provide that penal clauses are synonymous with liquidated damages and that such penalties should not be awarded when performance is rendered impossible, without fault on the part of the obligor.
The findings of fact of the Trial Judge indicate that, although some of Unis' performance was substandard, Unis could not have completed painting the projects because the work of other subcontractors, whose performance by necessity had to precede Unis' work, had not been completed by January 25, 1985. The facts indicate that on January 25, 1985, some of the apartment unit walls remained barren of sheetrock, thereby, precluding the possibility of timely performance by Unis. The evidence also indicates that JTS Constructors poorly supervised the overall construction which permitted some of the employees of the flooring subcontractor(s) to mar the floated sheetrock, further inhibiting Unis' timely performance.
The final issue on appeal concerns the decision of the District Court denying JTS Constructors recovery of the $6,572.00 it paid above the original contract price to have the Ridgeview complex painted. The Trial Court found, as previously stated, that the painting subcontract called for Unis to be paid $44,800.00 for the Ridgeview Project, that when Unis was ordered off the job JTS Constructors had paid him $34,272.00 and that $10,528.00 remained unpaid. The Court also concluded that Unis' performance had been substantial and that he was, therefore, entitled to the full contract price, less an amount necessary to complete the performance and recomplete substandard work.
Despite testimony by the painting subcontractor brought in by JTS Constructors to complete the Ridgeview Project that he charged $17,000.00 for his work, amounting to $6,572.00 more than the original *284 contract price, the Trial Judge did not render judgment for the general contractor. The Trial Judge found, as we did, that the evidence addressing the percentage of work completed was inconclusive and he also expressed hesitancy concerning the second painting subcontractor's testimony. It is because we cannot conclude from our review of the evidence that the Trial Judge was manifestly erroneous that this aspect of the lower court judgment will be affirmed. Arceneaux v. Domingue, 365 So. 2d 1330 (La.1978).
For the above and foregoing reasons the judgment of the District Court in the case entitled Jack R. Unis, d/b/a R.J. Insulation v. JTS Constructors/Managers, Inc., JTS Realty XVII, Joseph T. Spinosa, and David B. Ammons, and numbered by our Clerk 87-1292 is affirmed.
All costs of this appeal are assessed against JTS Constructors/Managers, Inc.
AFFIRMED.
NOTES
[1] Unis named other parties as defendants, but no judgment was rendered against those parties and no appeal was taken.