692 So.2d 474 (1997)
Gary and Magdalene SANDELL, et al., PlaintiffsAppellants,
v.
Ward HOOTER, II, M.D., et al., DefendantsAppellees.
No. 96-1062.
Court of Appeal of Louisiana, Third Circuit.
February 26, 1997.
Writ Denied May 1, 1997.
*475 Jerry Lytel Lavespere, Jr., Alvin Bruce Perkins, II, Alexandria, for Gary Sandell, et al.
John W. Munsterman, Alexandria, for Ward Hooter, II, M.D., et al.
Eugene Joseph Sues, Randall M. Seeser, Alexandria, for Rapides Regional Medical Center.
Before DOUCET, C.J., THIBODEAUX, J., and BABINEAUX[*], J. Pro Tem.
THIBODEAUX, Judge.
Gary and Magdalene Sandell filed a medical malpractice claim against Dr. Ward Hooter and the Rapides Regional Medical Center for damages resulting from an alleged failure to adhere to the standard of care applicable to obstetricians, gynecologists, and nursing staff during premature deliveries and neonatal care. Amanda Sandell, Mr. and Mrs. Sandell's child, was diagnosed with microcephaly, cataracts, seizure disorder, brain disfunction and a ventricular cephalo defect. The Sandells appeal the trial court's judgment pursuant to a jury verdict which determined that the evidence presented did not support a finding that Dr. Hooter and the Rapides Regional Medical Center failed to provide the applicable standard of care. We affirm.
The Sandells assert that the trial judge should have allowed the jury to hear expert testimony provided by Arthur Shorr, regarding hospital administration, and Pat Fedorka, regarding nursing, because the opinion of each witness was significant in determining causation in this case. Article 702 of the Louisiana Code of Evidence states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
The trial court's function is to determine that all expert testimony which is admitted into evidence is both reliable and relevant. State v. Foret, 628 So.2d 1116 (La.1993). Although Mr. Shorr's testimony may have been reliable as to typical forms of hospital procedures, that information is not relevant to the causation of Amanda's condition.
Unreliable expert testimony should not be allowed to influence a jury. "When alleged acts of negligence raise issues peculiar to a particular medical specialty, then only those qualified in that specialty may offer evidence of the applicable standards." *476 Richard v. Wijayasuriya, 93-1410, p. 10 (La. App. 3 Cir. 10/5/94); 645 So.2d 708, 713, writ denied, 95-0158 (La.3/17/95); 651 So.2d 273, citing Boudreaux v. Panger, 490 So.2d 1083 (La.1986); Felice v. Valleylab, Inc., 520 So.2d 920 (La.App. 3 Cir.1987), writ denied, 522 So.2d 562 (La.1988), writ denied, 522 So.2d 563 (La.1988). Ms. Fedorka's statements regarded the specialties of neonatology and obstetrics in which she is not a qualified specialist. Therefore, her testimony would have been unreliable if admitted.
Furthermore, trial judges have the discretion to exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." La.Code Evid. art. 403. In this case, the information to be provided by Mr. Shorr appears to only confuse the issue as to whether Dr. Hooter's actions led to Amanda's medical condition. His description of the routine in hospital administration in his deposition does not shed light on the cause of Amanda's condition. Ms. Fedorka's statements may have been unfairly prejudicial to the jury. The jurors may have construed some of her statements as medical diagnoses. As a nurse, Ms. Fedorka does not have the qualifications to substantiate exposure of these statements to the jury.
Even if all of the other assignments of error were determined to be clearly wrong in this case, the evidence still overwhelmingly supports finding in favor of Dr. Hooter and the Rapides Regional Hospital. Dr. Perla Castor, neonatologist; Dr. Amar Nijjar, neonatologist; Dr. Arthur Forte, professor of obstetrics and gynecology; Dr. Vincent Vincent III, obstetrician and gynecologist; Dr. Martin Tanner, obstetrician and gynecologist; Dr. Jay Goldsmith, Chairman of the Pediatrics Department at Oschner; Dr. Joseph O. Smith, Chief of Pediatric Radiology at Children's Hospital in New Orleans; and Dr. Richard Naeye, Chairman of the Department of Pathology at Pennsylvania State University College of Medicine, all determined that Amanda most likely suffered from some form of an intrauterine infection at an early stage of Mrs. Sandell's pregnancy. The findings of these eminently qualified physicians provided unrefuted evidence that Amanda's unfortunate medical condition was not the result of a physician's and/or hospital staff error or mistake.
We have reviewed the record, the various pleadings filed, and the jurisprudence. Finding nothing in the record to sustain a possible judgment against Dr. Hooter and/or the Rapides Regional Medical Center, we sustain the judgment of the trial court.
Costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.
NOTES
[*] Honorable Allen M. Babineaux, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.