734 So.2d 755 (1999)
CONTRACTORS SUPPLY & EQ-ORLEANS
v.
J. CALDARERA & COMPANY, INC.
No. 98-CA-1010.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
*756 Marvin E. Owen, Baton Rouge, Attorney for Appellant.
*757 Lloyd N. Shields, Daniel Lund, III, New Orleans, Attorneys for Appellant/Appellee.
Panel composed of Judges H. CHARLES GAUDIN, JAMES L. CANNELLA and MARION F. EDWARDS.
EDWARDS, Judge.
Plaintiff-Appellant/appellee Contractors Supply & Equipment Co-Orleans (CSE) appeals from the judgment of the trial court awarding damages in the amount of $6,479.93, but denying penalties and attorney fees. Defendant-Appellant/appellee J. Caldarera & Company, Inc. appeals from the judgment of the trial court denying its reconventional demand for damages as well as penalties and attorney fees. For the following reasons, we affirm.
Defendant was hired to construct a median barrier wall for the CSX railway yard in New Orleans. Defendant subsequently subcontracted the construction of the barrier wall to Cole's Construction Co., but the job was delayed due to a variety of reasons. On February 27, 1995, plaintiff was contacted by Cole to rent concrete forms to construct the barrier wall. However, since defendant had a long-standing business relationship with the plaintiff, it was the defendant who actually rented the materials and equipment from the plaintiff.
The construction of the barrier wall lasted approximately two months. When construction was completed, the rented materials and equipment were returned to the plaintiff. Plaintiff then sent a demand letter for payment to defendant. In this letter, plaintiff alleged that defendant owed $20,668.40 on open account for rentals, purchases, and freight charges. Defendant disputed this amount, alleging that there was never any agreement for purchases or for freight charges, and that the rental amount was incorrect. Defendant concluded that the actual amount due was a lump sum contract price of $2,911.00. Plaintiff responded by claiming that the freight charges were a part of the contract and that the purchases were the result of a separate sales agreement. Furthermore, plaintiff charged the defendant for equipment damaged due to improper usage. The parties could not come to an agreement on the amount and plaintiff proceeded to file suit on open account for damages, attorney fees, and penalties.
Defendant responded to the plaintiff's suit by asserting that due to delays in delivery caused by the plaintiff, the completion of the project was delayed and work was not done efficiently. Defendant claims to have suffered a loss of $10,502.09 on the project rather than profiting $63,940.98 as expected. This amounts to a total loss of $74,451.00. Defendant filed a reconventional demand for damages caused by delay in delivery of materials and equipment by the plaintiff. Furthermore, defendant requested attorney fees and penalties from plaintiff for filing a claim without merit.
A non-jury trial was held on October 2, 1997 before Judge Madeline Jasmine of the 40th Judicial District Court. After the testimony and evidence were presented by the parties, the trial judge took the case under advisement. On February 18, 1998, judgment was rendered awarding plaintiff $6,479.93, but denying the claims for attorney fees and penalties. Interest was awarded from the date of judicial demand. Furthermore, the judgment dismissed defendant's reconventional demand in its entirety. Defendant's Motion for New Trial was denied on March 30, 1998. Plaintiff filed a Motion and Order for Devolutive Appeal on May 6, 1998 and defendant filed a Motion for Devolutive Appeal on May 22, 1998. The matter is now before this Court for review.

LAW AND ANALYSIS
The plaintiff asserts six assignments of error for this Court to review, which we shall address as three separate issues. The first issue, encompassing Assignments of Error One through Three, is whether the trial court erred by not awarding the *758 full amount claimed for the sale and rental of forms, damages to the forms, and freight charges. The second issue, encompassing Assignments of Error Four and Five, is whether the trial court erred by not awarding attorney fees and penalties under LSA-R.S. 9:2781 and LSA-R.S. 9:2784. The third and final issue, Assignment of Error Six, is whether the trial court erred by awarding interest from the date of judicial demand rather than from the date each invoice became due.
Defendant asserts three assignments of error on appeal for this Court to review. Assignment of Error One is whether the trial judge erred by not allowing defendant's expert to testify at trial. Assignment of Error Two is whether the trial court erred in refusing to grant defendant's reconventional demand. Assignment of Error Three is whether the trial court erred in not awarding penalties and attorney fees to defendant under LSA-R.S. 9:2784 for defending an unsuccessful claim.

PLAINTIFF'S ASSIGNMENTS OF ERROR 1-3
The plaintiff claims that the trial court failed to award the proper amount of damages for the sale of materials and rentals of forms, for damaged forms, and for freight charges. However, a court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Cash v. K.C.I. Const., Inc., 95-1083 (La. App. 5th Cir. 5/15/96), 675 So.2d 297; writ denied, 96-1811 (La.10/25/96), 681 So.2d 369.
A review of the record in this case does not show that the trial court was "manifestly erroneous" in its award of damages. The trial judge based the award on the evidence and testimony presented at trial. It appears that much of the evidence relevant to the plaintiff's claim for damages was not presented at trial, but merely testified to by various witnesses. The trial judge chose to lend more credibility to the testimony of the defense witnesses rather than the plaintiff's witnesses on this issue. Such credibility determinations should not be disturbed unless "documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story." Davis v. Sonnier, 96-515 (La.App. 3rd Cir. 11/6/96), 682 So.2d 910; citing Stobart, supra at 882. The documents and objective evidence produced by the plaintiff at trial were not sufficient to advance the entire claim for damages. As the trial judge correctly noted, the evidence produced at trial supported the award rendered, and no more. Plaintiff did not produce any evidence other than invoices to support the remainder of the claims. There were no documents presented to establish the sale of materials to the defendant. The court was not presented with an agreement signed by the defendant to pay for freight. Finally, the only evidence presented to show damages to any of plaintiff's equipment were three photographs of damaged turnbuckles, for which the trial court awarded damages appropriately.
It is the opinion of this Court that the trial court was not "manifestly erroneous" or "clearly wrong" in its award of damages to the plaintiff. Absent this, we must affirm the judgment of the trial court on these assignments of error.

PLAINTIFF'S ASSIGNMENTS OF ERROR 4-5
Plaintiff asserts that the trial court erred in not awarding penalties and attorney fees under LSA-R.S. 9:2781 and LSA-R.S. 9:2784. These claims are without merit and must be denied.
Plaintiff first asserts that he is entitled to attorney fees under LSA-R.S. 9:2781. Subsection (A) of the statute states in part:

*759 When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. (Emphasis added).
Defendant argues that the contract between the parties was not an open account and therefore the statute is inapplicable in this case. "Open account" is defined in LSA-R.S. 9:2781(C), which states in part:
An "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of the contracting the parties expected future transactions.
F. Christiana & Co. v. Matt's Grocery, Inc., No. 2, 95-2073 (La.App. 4th Cir. 5/8/96), 674 So.2d 419. Furthermore, for there to be an action on an open account, there must necessarily be a "meeting of minds" or clear understanding between the parties. Id. at 421.
Regardless, if there was a "meeting of minds" in this case to make this contract one on open account (and there does not seem to be such a meeting of minds), the plaintiff is not entitled to attorney fees because the demand letter did not correctly set forth the amount owed. See Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984) and Roy v. Gegenheimer, 573 So.2d 555 (La.App. 5th Cir.1991). The defendant cannot be held liable for attorney fees in this case.
Plaintiff also asserts that penalties and attorney fees are owed by defendant in conjunction with LSA-R.S. 9:2784. Subsection (C) states in part:
If a contractor or subcontractor without reasonable cause fails to make any payment to his subcontractors and suppliers within fourteen consecutive days of the receipt of payment from the owner for improvements to an immovable, the contractor or subcontractor shall pay to the subcontractors and suppliers, in addition to the payment, a penalty in the amount of one-half of one percent of the amount due, per pay, from the expiration of the period allowed herein for payment after receipt of payment from the owner. The total penalty shall not exceed fifteen percent of the outstanding balance due. In addition, the contractor or subcontractor shall be liable for reasonable attorney fees for the collection of the payments due the subcontractors and suppliers ... (Emphasis added).
The fact that the defendant did not make any payment to the plaintiff within fourteen days of receiving payment from the owner is not in dispute. What is in dispute is whether defendant had "reasonable cause" to withhold the payment. The trial judge determined that the amount demanded by the plaintiff was out of proportion to the amount owed, therefore the defendant had reasonable cause to withhold payments.
It is the opinion of this Court that the trial court did not err in denying the plaintiff attorney fees and penalties under LSA-R.S. 9:2781 and LSA-R.S. 9:2784. Therefore, the decision of the trial court is affirmed on these assignments of error.

PLAINTIFF'S ASSIGNMENT OF ERROR 6
The plaintiff's final assignment of error is that interest should have been awarded from the date each invoice became due rather than upon judicial demand. Also, plaintiff requests to be awarded costs under LSA-C.C. art.1920.
Plaintiff justifies the claim for interest by citing LSA-C.C. art.2000, which states in part:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest *760 on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest fixed by Article 2924 ...
However, the determination of when legal interest begins to run turns upon when the existence of the debt becomes certain. Rivnor Properties v. Herbert O'Donnell, Inc., 92-1103 (La.App. 5th Cir. 1/12/94), 633 So.2d 735. In the present case, the debt did not become certain until the final judgment was rendered. However, since defendant has not appealed the award of interest from the date of judicial demand, we will affirm the decision of the trial court on this assignment of error.
Plaintiff also requests that the defendant be cast for the costs of this litigation pursuant to LSA-C.C. art.1920, which states that "unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause." The judgment of the trial court reflects that the defendant has been cast for all costs of the proceedings, therefore this issue is moot.

DEFENDANT'S ASSIGNMENT OF ERROR 1
Defendant's first assignment of error is that the trial court erred in not allowing defendant's expert on the contractor's delay claims to testify. LSA-C.E. art. 702 states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.
In reviewing the decision of a trial court in qualifying a witness as an expert, courts typically place the burden on the party offering the witness as an expert and consider that the decision to accept or reject the offer rests within the sound discretion of the trial court. State v. Craig, 95-2499 (La.5/20/97), 699 So.2d 865. The trial court's function is to determine that all expert testimony which is admitted into evidence is both reliable and relevant. Sandell v. Hooter, 96-1062 (La.App. 3rd Cir. 2/26/97), 692 So.2d 474; writ denied, 97-0801 (La.5/1/97), 693 So.2d 730. Furthermore, the refusal of the trial court to receive such evidence will rarely, if ever, provide grounds for reversal. State v. Craig, supra at 870.
During the trial, defense counsel objected to the trial judge's refusal of the expert witness. However, after a bench conference held off the record, defense counsel withdrew his objection to the trial judge's decision. If a party fails to make a contemporaneous objection the issue may not be raised on appeal. LSA-C.E. art. 103(A)(2); Davis v. Kreutzer, 93-1498 (La. App. 4th Cir. 2/25/94), 633 So.2d 796. The withdrawal of the objection is the same as never making it at all, therefore defendant cannot challenge the decision on appeal.
In the present case, the trial judge did not determine that the expert was unqualified, rather she determined that his testimony was unnecessary and/or irrelevant. Considering the vast discretion given to the trial judge in such matters, we affirm the decision of the trial court on this assignment of error.

DEFENDANT'S ASSIGNMENT OF ERROR 2
Defendant's second assignment of error is that the trial court erred in refusing to grant the reconventional demand outright based on the evidence and testimony introduced at trial. Defendant asserts that under LSA-C.C. art.1996, the plaintiff is liable for damages that were foreseeable at the time the contract was made due to its failure to deliver the materials in a timely manner.
As noted above, a court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Stobart, supra; Cash, supra. After reviewing the record *761 in its entirety, we find that the trial court did not commit manifest error in dismissing defendant's claim. Absent this, we must affirm the trial court's decision on this assignment of error.

DEFENDANT'S ASSIGNMENT OF ERROR 3
The defendant's final assignment of error is that the trial court erred by failing to award penalties and attorney fees under LSA-R.S. 9:2784(C). The statute states that "any claim which the court finds to be without merit shall subject the claimant to all reasonable costs and attorney fees for the defense against such claim." However, the plaintiff's claim was not without merit, as it was worth more than what defendant offered. Therefore, the claim was not completely without merit and the trial court was correct in refusing to award penalties and attorney fees to the defendant. We affirm the decision of the trial court on this assignment of error.
In summary, it is the opinion of this Court that the trial court did not commit manifest error in awarding damages to the plaintiff in the amount of $6,479.93, with legal interest from the date of judicial demand and all costs of the proceedings. The trial court did not commit manifest error in denying the plaintiff's claim for attorney fees and penalties under LSA-R.S. 9:2781 and LSA-R.S. 9:2784. Finally, the trial court did not commit manifest error in dismissing the reconventional demand of the defendant, including the claim for penalties and attorney fees under LSA-R.S. 9:2784. The judgment of the trial court must be affirmed.
AFFIRMED.