| .EDWARDS, Judge.
Defendants/appellants B. Ralph Bailey, B. Ralph Bailey, APLC, and Bailey, Rossi & Kineade (collectively “Bailey”) appeal the judgment of the trial court awarding plaintiff/appellee Collins Rossi $60,906.98 in damages for unlawful termination and negligent misrepresentation. Rossi was terminated as a partner in the law firm of Bailey, Rossi & Kineade by B. Ralph Bailey. The partnership was dissolved shortly thereafter. Bailey alleges that the trial court erred in its determination that Ros- *284 si’s termination was improper. For the following reasons, we reverse the judgment of the trial court.
The law firm of Bailey, Rossi & Kincade was formed by Articles of Partnership on January 1, 1991. In this partnership agreement, B. Ralph Bailey, APLC was designated the “Class A” partner, while Collins Rossi and Michael Kincade were designated “Class B” partners. The “Class A” partner was given a 50% voting interest in the partnership and the “Class B” partners were each given |sa 25% voting interest. The “Class A” partner was given the deciding vote in case of a tie.
On November 19, 1993, the Articles of Partnership were amended to adjust the percentages for the share in net profits and losses of the law firm. The percentage of B. Ralph Bailey, APLC was lowered from 50% to 40%, while the percentages of Rossi and Kincade were increased from 25% to 30% each. This amendment did not effect the voting interest in the partnership.
On February 24, 1995, Rossi was terminated from the partnership. In voting for termination, Bailey alleged that Rossi had held a secret meeting with the firm’s main client without informing the other partners. Bailey alleged that this action was not in the best interest of the partnership and that Rossi should be terminated. Neither Rossi nor Kincade were present to vote on the termination. Rossi was paid his salary through February 24, 1995, along with a $5,000.00 severance payment, less various obligations he allegedly owed the partnership.
On October 10, 1995, Rossi filed a petition for damages alleging that his partnership interest was terminated in bad faith and that Bailey negligently misrepresented the terms of employment. The matter went to trial before the Honorable Martha Sassone of the Twenty-Fourth Judicial District Court on January 26, 1999. After a trial on the merits, the matter was taken under advisement.
On March 8, 1999, the trial court rendered its judgment with reasons in favor of Rossi in the amount of $60,906.98. On April 1, 1999, Bailey filed a motion for suspensive appeal, which was subsequently granted by the trial court. The matter is now before this Court for review.
FLAW AND ANALYSIS
Bailey alleges four assignments of error on appeal. In his first assignment of error, Bailey alleges that the trial court erred in refusing to permit the defense expert to testify. In his second assignment of error, Bailey alleges that the trial court erred in its determination that the termination of Rossi was improper. In his third assignment of error, Bailey alleges that the trial court erred in its award of damages to Rossi. In his fourth and final assignment of error, Bailey alleges that the trial court erred in holding all three defendants liable. The trial court erred in determining that Rossi’s termination was improper and its judgment must be reversed.
In his first assignment of error, Bailey alleges that the trial court erred in refusing to permit the defense expert to testify. Bailey proffered the testimony of Professor Wasserman, an expert in the English language. The trial court, in refusing to admit the testimony of Professor Wasser-man, stated that his testimony was not needed in the trial.
In reviewing the decision of a trial court in qualifying a witness as an expert, courts typically place the burden on the party offering the witness as an expert and consider that the decision to accept or reject the offer rests within the sound discretion of the trial court.[1] The refusal of the trial court to receive such evidence *285 will rarely, if ever, provide grounds for reversal.[2]
It was within the sound discretion of the trial court not to admit Professor Wasserman’s testimony into evidence. His testimony was not needed to interpret the partnership agreement. This assignment of error is not grounds for reversal.
| [¡Bailey’s second and third assignments of error will be addressed jointly. In his second assignment of error, Bailey alleges that the trial court erred in its determination that the termination of Ros-si was improper. In his third assignment of error, Bailey alleges that the trial court erred in its award of damages to Rossi. Both of these assignments of error allege that the trial court’s interpretation of the partnership agreement is incorrect. When appellate review is not premised on any factual findings made by the trial court but is based upon an independent review and examination of the contract on its face, the manifest error rule is inapplicable.[3] In such cases, appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect.[4]
The Louisiana Civil Code provides that the interpretation of a contract is the determination of the common intent of the parties.[5] Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.[6] When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.[7]
In ruling in favor of Rossi, the trial court cited as reasons the language of Article 8(a) of the Articles of Partnership which reads:
“A partner shall cease to be a member of the partnership upon:
(a) a determination by the partners who hold a majority voting |fiinterest in the partnership that ...” (emphasis added).
The trial judge reasoned that the plural form of the word “partners” implied that more than one partner was needed to determine whether another partner was to be terminated. We do not find this to be a correct interpretation of the contract. The intent of the parties when drafting Article 8(a) was to allow the person or persons with a majority voting interest in the partnership to determine termination. Under Article 4 of the Articles of Partnership, Bailey had a 50% voting interest in the partnership and also had the deciding vote in case of a tie. The language is clear and unambiguous and leads to no absurd consequences. Bailey had the full authority to terminate Rossi if he determined it was in the best interest of the partnership. Bailey provided sufficient evidence at trial to prove that he was convinced that Rossi’s termination was in the partnership’s best interest. His actions were not arbitrary or capricious and were not done in bad faith. The termination was proper and was within the bounds of the partnership agreement.
The next issue is the question of the award of damages or compensation to Ros-si as a result of his termination. In finding that the termination was improper, the trial court awarded Rossi $60,906.98 in damages. This figure was determined to represent 30% of the accounts receivable *286 of the law firm, Rossi’s percentage of ownership prior to termination. As noted above, it is the opinion of this Court that the termination was proper. Therefore, the only award that Rossi should receive is the compensation owed to him under the partnership agreement.
Compensation due a partner terminated in the best interest of the partnership is codified in Article 11 of the Articles of Partnership. The article states:
“If a partner ceases to be a member of the partnership because of a |7decision by the partnership that it is in the best interest of the partnership for him not to remain a partner, he shall receive the amounts specified under clauses (a) and (b) of Article 9 and the sum of $5,000.00 which will be paid within fourteen (14) days.”
Article 9, clauses (a) and (b) state that the terminated partner is entitled to his share of the net profits of the partnership from the preceding year and his share of the net profits of the partnership for the current year to the date of termination, less any amount owed by the partner to the partnership. Rossi was paid his salary for 1994 and his prorated salary for 1995, as provided for in Article 9. He was also paid the $5,000.00 provided for in Article 11, less the amount he owed to the partnership. This amount is not in dispute.
Rossi alleges that he is due 30% of the accounts receivable of the partnership. Article 16 of the Articles of Partnership addresses this issue. The article states:
“A partner who leaves the firm for any reason, whether voluntary or invol-untm-y, is not entitled to the payment of any fees or the reimbursement of any costs, or any portion thereof, which were not collected by the date the partner leaves, it being agreed that all calculations with respect to the amount the leaving partner is due upon leaving the partnership shall be on a “cash” basis. Accordingly, the leaving partner shall have no interest in or right to the payment of any logged but unbilled time or fees on any uncollected contingency fee cases, billed but uncollected fees, or for payment of the value of any property or furnishings of any kind owned by the partnership.” (Emphasis added).
Under the terms of this article, Rossi is not entitled to any percentage of the accounts receivable which were not collected by the date of his termination. The trial court erred in ruling otherwise. The judgment of the trial court must be reversed.
In his fourth assignment of error, Bailey alleges that the trial court erred in holding all three defendants liable. As noted above, it is the opinion of this Court | sthat Rossi’s termination was proper within the bounds of the partnership agreement and the judgment of the trial court must be reversed. None of the defendants are liable for damages. This issue is moot and need not be addressed by the Court.
In summary, it is the opinion of this Court that the trial court erred in awarding Rossi $60,906.98 in damages for improper termination. Rossi’s termination was legal and proper within the bounds of the partnership agreement. The judgment of the trial court must be reversed.
REVERSED.

. Contractors Supply & EQ-Orleans v. J. Caldarera & Co., Inc., 98-1010 (La.App. 5th Cir. 3/30/99), 734 So.2d 755.

. Id. at 760.

. Woolf & Magee v. Hughes, 95-863 (La.App. 3rd Cir. 12/6/95), 666 So.2d 1128; writ denied, 96-0073 (La.3/15/96), 669 So.2d 427.

. Id. at 1131.

. LSA-C.C. art. 2045; J. Caldarera & Co. v. Louisiana Stadium and Exposition Dist., 98-294 (La.App. 5th Cir. 12/16/98), 725 So.2d 549.

. LSA-C.C. art. 2050; J. Caldarera & Co., supra at 551.

. LSA-C.C. art. 2046; I. Caldarera & Co., supra.