| «MARION F. EDWARDS, Judge.
Plaintiffs, Oakwood Corporate, L.L.C., and Transportation Insurance Company appeal from a summary judgment granted in favor of defendants, Hicks and Associates, Inc. and Pro-Comp, Inc on the issue of indemnity under a lease agreement. For the following reasons, the judgment of the trial court which grants the summary judgment of Pro-Comp and Hicks, and which denies the summary judgment of Oakwood, is reversed and we render judgment as detailed below.
FACTS AND PROCEDURAL HISTORY
Plaintiff/Appellant, Oakwood Corporate, L.L.C., (“Oakwood”), is the owner and operator of an office building known as the “Oakwood Corporate Center,” which is located in Jefferson Parish. In 1990, Hicks and Associates, Inc., (“Hicks”), entered into a lease with Oakwood to become a tenant in the building, and in February of 1996, the Hicks lease was amended to add Pro-Comp, Inc. as an additional lessee.
Hicks and Pro-Comp had a “point of use” water heater installed on the leased premises that leaked and caused damage to various parts of the Oakwood Corporate Center. As a result of the damage, Transportation Insurance Company, Oakwood Corporate, L.L.C.’s insurer, paid over $75,000.00 under the | «terms of its policy. Additionally, Oakwood paid a $5,000.00 deductible under the Transportation Insurance policy.
Oakwood filed suit against Hicks and Pro-Comp, alleging that pursuant to their lease agreement, Hicks and Pro-Comp had agreed to indemnify Oakwood for any losses, including damage to the property, resulting from any accident or other occurrence on the leased portion of the premises.
Oakwood and its insurer later filed a Motion for Summary Judgment on the issue of whether Pro-Comp owed it a defense and indemnity, pursuant to their lease agreement. Pro-Comp and Hicks filed a cross-Motion for Summary Judgment on this same issue,[1] asserting that it had no liability to either Oakwood or its insurer. Following the hearing on both Motions for Summary Judgment, the trial court granted Pro-Comp and Hick’s Motion for Summary Judgment, and denied *154 Oakwood’s Motion for Summary Judgment. Oakwood and its insurer timely filed the present appeal.
LAW AND ANALYSIS
On appeal, Oakwood asserts that the trial court erred in finding that the indemnity and hold harmless provisions of the lease agreement resulted in confusion of a debt pursuant to La. C.C. art 1903, and that, accordingly, Oakwood could not recover from Pro-Comp.
As this Court noted in Rossi v. Bailey,[2] When appellate review is not premised on any factual findings made by the trial court but is based upon an independent review and examination of the contract on its face, the manifest error rule is inapplicable. In such cases, appellate review of Lquestions of law is simply whether the trial court was legally correct or legally incorrect.
The applicable provisions of the lease between Oakwood and Pro-Comp provide, in relevant part:
11. If during'the term of the lease, the leased premises or the Building be damaged by fire or other casualty to such an extent that same can be repaired within a period of one hundred twenty (120) days, Lessor shall be obligated to repair the damage.
16. Lessee assumes responsibility for the condition of the leased premises and Lessee agrees to indemnify Lessor against and hold Lessor harmless from any and all liability for injury to persons or damage to property or other losses Caused by or resulting from any accident or other occurrence in, on or about the leased premises ... If any such damage shall be caused by the acts or neglect of the Lessee, Lessor may repair such damage and Lessee shall thereupon reimburse Lessor for the entire cost of such damage.
In this case, the trial court gave the following reasoning in determining that Pro-Comp did not owe a duty to indemnify Oakwood:
THE COURT:
It looks to me like, under the wording, by the use of the word “liability for injury to persons or damage to property” the liability would be from Oakwood to Oakwood.
If you have a debt, and the holder of a note becomes the owner ... the person who owes the money and the person who is owed the money become the same, it’s called confusion under the laws of ... the Commercial Code and Negotiable Instruments.
In this case, it sounds like the wording of this makes for confusion, because the person who is liable is also the person who has to pay it. So there is confusion in that Oakwood is the one to whom the liability is owed, and can you be liable to yourself. And the insurance company only steps in to take the same rights that Oak-wood has. So you can’t be liable to yourself.
It is a very strict reading, but the word “liability” in there has a definite legal context. If it was strictly “loss,” “any loss,” I think you’d be home free.
Now, referring back to Paragraph 11, to say they owe a duty to everyone in the building these rights, I don’t know whether that makes them liable to it. I think that’s more of a strained construction. I think this is a very narrow construction ... But I think you can’t be liable to yourself, and I *155 think that’s what the wording of Paragraph 16 says.
| As noted by the Louisiana Supreme Court in Campbell v. Melton:[3]
In interpreting contracts, we are guided by the general rules contained in articles 2045-2057 of the Louisiana Civil Code. The interpretation of a contract is the determination of the common intent of the parties with courts giving the contractual words their generally prevailing meaning unless the words have acquired a technical meaning. La. Civ. Code arts.2045, 2047; see e.g., Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-0911 (La.1994), 630 So.2d 759, 763. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. La. Civ.Code art.2046.
After a de novo review of the lease between the parties, we disagree with the trial court’s interpretation. We find that the language of the lease stating that lessees, Hicks and Pro-Comp, agree to indemnify Oakwood for “damage to property” is clear, and contemplates events such as those forming the basis of this suit. Accordingly, we reverse the judgment of the trial court which grants the summary judgment of Pro-Comp and Hicks, and which denies the summary judgment of Oakwood, and render the following awards: $78,975.56 to Transportation Insurance Company, representing the amount paid under its policy to Oakwood as a result of property damage or other losses resulting from the water heater leak, and $5,000.00 to Oakwood Corporate, L.L.C, representing the deductible it paid under the Transportation Policy. Both of these amounts are uncontested by the parties. We further award contractual attorney’s fees to Oakwood in the amount of $20,993.89.
For the foregoing reasons, the judgment of the trial court is reversed, and we render judgment as detailed above.
REVERSED; JUDGMENT RENDERED.
ORDER
We hereby grant the rehearing application in this matter of plaintiffs, Oakwood and Transportation Insurance Company, for the limited purpose of clarifying our award of attorney’s fees and to add interest and court costs to our initial judgment.

. The record does not reflect that defendants filed a Cross Motion For Summary Judgment, however, defendants did file a brief in the district court styled, in part, "Memorandum *154 In Support Of Cross Motion For Summary Judgment.”

. 99-1164 (La.App. 5 Cir. 4/25/00), 759 So.2d 282; writ denied, 2000-1932 (La.9/29/00), 770 So.2d 353

. 2001-2578 (La.5/14/02), 817 So.2d 69.