## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30684

FISK ELECTRIC COMPANY,

      Plaintiff - Appellee

v.

WOODROW WILSON CONSTRUCTION COMPANY, INCORPORATED,

      Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-86

Before STEWART, Chief Judge, and OWEN, and COSTA, Circuit Judges.

PER CURIAM:[*]

This appeal arises out of a subcontract dispute and resulting award of a statutory penalty and attorney's fees pursuant to Louisiana's Prompt Pay Statute, La. Stat. § 9:2784. The district court ruled on summary judgment that Woodrow Wilson Construction Company, a general contractor, did not have "reasonable cause" under the statute to withhold payment to its subcontractor, Fisk Electric Company. Because we find this determination to be at odds with

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2016

Lyle W. Cayce
Clerk

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30684

Louisiana courts' interpretation of reasonable cause under § 9:2784, we reverse.

## I.

Wilson hired Fisk to perform electrical work on a school construction project for the Orleans Parish School Board. The total subcontract was for $2,672,613.03, after inclusion of approved change orders. During construction, Wilson periodically submitted Applications of Payment to Orleans Parish School Board. These applications included requests for work done by Fisk, based on periodic invoices Fisk submitted to Wilson. The subcontract provided that Fisk would receive monthly payments, and that when Wilson received payments from the school board, it would make approved progress payments to Fisk within seven days. As of April, 2012, Wilson had paid Fisk $2,117,215.86 under the subcontract; the remaining balance was $555,397.17.

In June 2012, a Fisk subcontractor—Chubb—filed a sworn statement of claim worth over $82,000. Just a few weeks later, Fisk recorded its own sworn statement of claim against Wilson for $1,270,443.15. This included the remaining subcontract balance, as well as charges for project changes and extended labor and job expenses.[1] Wilson did not make any payment to Fisk at this time, nor when it received additional payments from the school board over the next year and a half. During this period, Orleans Parish School Board retained certain funds for "punch list" items—work not conforming to the contract that must be completed for final payment—some of which was attributable to Fisk. In March 2013, Chubb filed suit in state court against Fisk and Wilson to collect on its claim. Three months later, Fisk paid all outstanding money owed to Chubb and Chubb dropped its suit, but did not

---

[1] According to both the district court and Wilson—and as Fisk does not seem to contest—Fisk had submitted only $145,829.70 in invoices that were unpaid at this date.

No. 15-30684

execute a cancellation of the bond for removal of lien and its recorded statement of claim until December. Approximately three weeks later, Wilson paid Fisk $459,832.80.

The subcontract between Wilson and Fisk includes an article on Final Payment that requires Fisk to provide Wilson with evidence that "all payrolls, bills for materials, equipment and services connected with the Work have been paid in full" and further requires that all work be turned over "free and clear of all claims, encumbrances, and liens for labor, services, equipment or materials." It also notes that Wilson "may withhold said amounts, including such amounts as may be necessary with said claims, encumbrances, liens or attachments from monies otherwise" owed to Fisk.

## II.

Fisk filed a separate federal suit against Wilson to enforce a lien based on its sworn statement of claim and to obtain damages. The district court granted partial summary judgment for Fisk, finding that Wilson owed $466,625.89[2]: the $555,397.17 subcontract balance less $6,700 in punch list items and Chubb's $82,071.28 lien claim. The parties settled several outstanding issues, leaving only a claim for violation of Louisiana's Prompt Payment Statute § 9:2784, which includes entitlement to reasonable attorney's fees. The parties filed cross-motions for summary judgment. Fisk asserted that Wilson owed it a penalty for late payment plus attorney's fees; Wilson contended that it had "reasonable cause" to not pay and was entitled to attorney's fees for defending against Fisk's non-meritorious claim.

The district court entered summary judgment in favor of Fisk. The court noted that it did not have enough information "to determine, with specificity,

---

[2] The amount the court determined Wilson owed did not take into account the $459,832.80 Wilson paid Fisk 14 days prior to the summary judgment ruling.

3

the entirety of the exact amounts and chronology of the work completed by Plaintiff, the exact dates on which Defendant sought and received payment, in full . . . for work completed by Plaintiff, or the exact dollar amounts and dates on which Plaintiff affirmatively sought payment from Defendant." But it nonetheless concluded that, based on its prior summary judgment ruling and construing all additional facts in favor of Wilson, Wilson lacked "reasonable cause for not paying Plaintiff in the amounts and for the time periods listed below." It then provided three overlapping time periods and equations to determine the amount that was unreasonably withheld. These formulas called for multiple deductions from the outstanding subcontract balance, including the amounts of Chubb's lien and any premiums Wilson incurred to obtain a bond for the lien, punch list items, a counter-claim Wilson made against Fisk, and certain retainage. The court ordered Wilson to pay the statutory penalty rate—one half of one percent of the amount owed for each day the payment was late—with the total not to exceed the statutory maximum 15% of the outstanding balance.

The parties agree that, using the formulas devised by the district court, Wilson did not owe anything for the first or second time periods, but owed $69,210.42 for the third time period. The district court later approved and entered the magistrate judge's Report and Recommendation awarding $55,920.00 in attorney's fees for work collecting the balance due under the subcontract. Wilson appeals both the summary judgment and the attorney's fees award, which it argues is unreasonable even if it violated the prompt payment statute because it compensates work on claims outside the scope of collecting the subcontract balance.

4

No. 15-30684

III.

Wilson asserts that the district court erred in finding Wilson liable under Louisiana's Prompt Payment Statute because it had reasonable cause to withhold payment.   It contends that the district court acknowledged reasonable cause in its penalty formulas, as it deducted numerous amounts that Wilson reasonably did not pay.

As a federal court considering a question of Louisiana law, we look first to decisions of the state supreme court; "[i]n the absence of a final decision by the Louisiana Supreme Court, we must make an *Erie* guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).   Under Louisiana's "civilian methodology," we first examine primary sources of law, like the constitution and statutory text, and Louisiana's intermediate courts serve as "secondary law" to guide our interpretation.  *Id.*  (internal citations and quotations omitted).

Louisiana's Prompt Payment Statute provides in relevant part:

A. When a contractor receives any payment from the owner for improvements to an immovable . . . the contractor shall promptly pay such monies received to each subcontractor and supplier in proportion to the percentage of work completed . . .
. . .

C. If the contractor or subcontractor *without reasonable cause* fails to make any payment to his subcontractors and suppliers within fourteen consecutive days of the receipt of payment from the owner for improvements to an immovable, the contractor or subcontractor shall pay to the subcontractors and suppliers, in addition to the payment, a penalty in the amount of one-half of one percent of the amount due, per day, from the expiration of the period allowed herein for payment after the receipt of payment from the owner. The total penalty shall not exceed fifteen percent of the outstanding balance due. In addition, the contractor or subcontractor shall be liable for reasonable attorney fees for the

5

> collection of the payments due the subcontractors and suppliers. However, any claim which the court finds to be without merit shall subject the claimant to all reasonable costs and attorney fees for the defense against such claim.

La. Stat. § 9:2784(A), (C) (emphasis added). The Supreme Court of Louisiana has not considered the meaning of "reasonable cause" within this statute. It has, however, emphasized that statutes providing for punitive penalties are rare, and as such, "when a statute does authorize the imposition of a penalty, it is to be strictly construed." *Int'l Harvester Credit Corp. v. Seale*, 518 So. 2d 1039, 1041 (La. 1988).

A few Louisiana intermediate courts have directly considered the meaning of reasonable cause to not make payment, and one involved a situation similar to this case. In *Contractors Supply & EQ-Orleans v. J. Caldarera & Co.*, 734 So.2d 755 (La. App. 5 Cir. 1999), a subcontractor had submitted a demand letter for payment seeking $20,668.40, whereas the contractor believed it owed only $2,911.00. *Id.* at 757. The court ultimately determined that the contractor owed $6,479.93, but denied the subcontractor's claim for a late payment penalty and attorney's fees. *Id.* at 761. The appellate court upheld the trial court's determination that "the amount demanded by the plaintiff was out of proportion to the amount owed, therefore the defendant had reasonable cause to withhold payments." *Id.* at 759. Thus the contractor was not liable for a penalty or attorney's fees under the prompt payment statute. *Id.* at 761.

Likewise in this case, Fisk's sworn statement of claim asserted that Wilson owed over two times the amount remaining on the subcontract; the amount actually owed was even more disproportionate because the district court found that Wilson need not pay almost $90,000 of the subcontract. This "out of proportion" demand alone may be enough under Louisiana law to

constitute reasonable cause not to pay. But the amount of Fisk's demand was not the only outstanding dispute. Under the subcontract terms, Wilson could withhold the value of Chubb's lien. This lien was not fully resolved until a few weeks before Wilson made its January 2014 payment. And other smaller amounts—punch list items, retainage, the value of Wilson's counterclaim—that the district court deducted from its penalty calculation were all reasonably disputed. The district court could not discern the total value of these claims, even with the many stipulations and memoranda that the parties provided. The combined value of these items was so significant that for two of the district court's three outlined time periods, Wilson did not actually owe Fisk any money. This substantial dispute about the amount owed makes this case unlike *Unis v. JTS Constructors/Managers, Inc.*, 541 So. 2d 278 (La. App. 3 Cir. 1989), in which a Louisiana appellate court found there was no reason for a contractor to withhold payment because there was no dispute about the amount owed under a given contract. *Id.* at 282.

Although the Supreme Court of Louisiana has not opined on the meaning of "reasonable cause" under the prompt payment statute, its ruling in an analogous area of law leads us to believe it would follow the *Calderara* approach. When considering penalties for untimely payment of claims by insurance companies, it has held that "especially when there is a reasonable and legitimate question as to the *extent* and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists. . . ." *Guillory v. Lee*, 16 So. 3d 1104, 1127 (La. 2009) (emphasis added); *see* La. Stat. § 22:1892 (requiring that when an insurer does not make payment within thirty days of written proofs and demand, and "such failure is found to be arbitrary, capricious, or without

probable cause, [this failure] shall subject the insurer to a penalty, in addition to the amount of the loss . . .").

Given these principles and the holding in *Contractors Supply & EQ-Orleans v. J. Caldarera & Co.*, we conclude that a Louisiana court would find that Wilson had reasonable cause to withhold payment. Because Wilson had reasonable cause, Fisk is not entitled to attorney's fees. We therefore need not reach whether the fee amount was reasonable.

\*     \*     \*

We REVERSE the district court's summary judgment in favor of Fisk and VACATE the award of attorney's fees; we also REVERSE the denial of Wilson's motion for summary judgment and RENDER summary judgment in its favor. The case is REMANDED for further proceedings consistent with this opinion.