ARMSTRONG, Judge.
Plaintiff, George A. Gitz d/b/a George A. Gitz Electrical Contractors (“Gitz”) filed suit against Quality Restorations Contractors, Inc. (“QRC”) for breach of contract. A trial was held on June 9, 1986 in First City Court for the City of New Orleans. Judgment was rendered on June 17,1986 in favor of Gitz and against QRC for the sum of $4,281.32 together with legal interest and all costs. QRC appeals.
The testimony and evidence reveals that in March of 1983 QRC entered into a contract with the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (“Board”) for the construction of an outdoor stage at the University of New Orleans (“UNO”). The specified price for the contract between the Board and QRC was $128,830.00. However, due to change orders from UNO the price of the contract eventually increased to $140,960.25. On May 24, 1983 QRC, prior to any change orders, subcontracted with Gitz to complete the electrical work on the project for a price of $41,255.00. That contract provided for a completion date of August 10, 1983, a demurrage charge of $100 a day, and that no extensions on the contract would be granted.
As a result of weather delays, and despite contract specifications to the contrary, QRC was granted an extension of time for completion to October 17, 1983. However UNO did not accept the project as substantially complete until February 15, 1984, and the project was not accepted as finally complete until April 24, 1984.
As a result of the delay in completing the project the Board withheld $12,348.00 in payment from QRC ($100 per day for 121 days in demurrage charges, and $248.00 for punch list items). Thus QRC received only $128,612.26 in total payment on the contract or approximately 90% of the agreed upon price of $140,960.26.
Consequently, QRC paid Gitz only $36,-973.70, of the original $41,255.00 subcontract price, or approximately 90% of the agreed upon price. Gitz sued QRC for the difference in the amount he received and the amount of the subcontract price. In addition, it was revealed that QRC had also subcontracted with a person to do terrazzo work on the project, and that the terrazzo subcontractor was paid in full.
Appellant contends that LSA-R.S. 9:2784 is controlling in this case and thus that it was only required to pay Gitz a pro rata share of the amount it received from the Board, on 90% of the contract price. LSA-R.S. 9:2784 provides as follows:
LATE PAYMENT BY CONTRACTORS TO SUBCONTRACTORS AND SUPPLIERS; PENALTIES
A. When a contractor receives any payment from the owner for improvements to an immovable, the contractor shall pay such monies received to each subcontractor and supplier in proportion to the percentage of work completed by each subcontractor and supplier at the time of receipt of the payment.
B. If for any reason the contractor receives less than the full payment from the owner, then the contractor shall be obligated to disperse only the funds received on a prorated basis with the contractor, subcontractors, and suppliers *172 each receiving a prorated portion based on the amount due on the payment.
C. If the contractor without reasonable cause fails to make any payment to his subcontractors and suppliers within twenty-one consecutive days of the receipt of payment from the owner for improvements to an immovable, the contractor shall pay to the subcontractor and suppliers, in addition to the payment, a penalty in the amount of one-half of one percent of the amount due, per day, from the expiration of the period allowed herein for payment after the receipt of payment from the owner. The total penalty shall not exceed fifteen percent of the outstanding balance due.
D. The provisions of this Section shall not be applicable to improvements to an immovable that is used for residential purposes.
However, the preamble to Act. No. 720 of 1984 which later became LSA-R.S. 9:2784 states as follows:
To enact R.S. 9:2784 relative to improvements on immovables, to require the payment of penalties when the contractor without reasonable cause fails to make payment within the specified time to the subcontractors and suppliers, ...
Appellee contends that LSA-R.S. 9:2784 is a penalty statute designed to insure prompt payment by contractors to subcontractors and suppliers, and that it was not designed to allow the contractor to pass on demurrage charges to the subcontractor as QRC attempted to do in this case. We agree completely with appellee’s argument and hold that LSA-R.S. 9:2784 does not apply in this instant case.
For the foregoing reasons the judgment of the trial court is affirmed. All of costs of this appeal are assessed to the appellants.
AFFIRMED.
CIACCIO and WILLIAMS, JJ., concur.