UNITED STATES of America, For the Use and Benefit of HOWELL CRANE SERVICE, Plaintiff–Appellee,

v.

U.S. FIDELITY & GUARANTY COMPANY, Defendant–Appellant.

No. 88–5531.

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1988.

Susan M. Linden, Gregory J. Johansen, Kansas City, Mo., for USF&G.

James N. Higdon, San Antonio, Tex., for plaintiff-appellee.

Before GEE, SNEED * and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

United States Fidelity & Guaranty Company appeals the award of attorney's fees to a subcontractor who brought a successful suit under the Miller Act. We reverse.

## I. *Background*

Appellant United States Fidelity & Guaranty Company (USF & G) is the Miller Act surety for B.B. Andersen Construction Company (Andersen). Andersen was the general contractor for the construction of an air traffic control tower at San Antonio International Airport. Andersen entered into a subcontract with Appellee Howell Crane Service which provided that Howell was to supply a crane and operator for the project. After failing to receive payment from Andersen within ninety days after the completion of its duties under the subcontract, Howell filed suit in federal court against Andersen and USF & G seeking recovery under the Miller Act. 40 U.S.C. §§ 270a–270d (1982).[1]

The district court held that Andersen had wrongfully breached its contract with Howell Crane. The court found Andersen and USF & G jointly and severally liable for the breach. That portion of the lower court's judgment is not appealed.

The district court also gave judgment for attorney's fees against Andersen and USF & G. The sole issue on appeal is whether the court properly awarded attorney's fees against USF & G, the Miller Act surety.[2]

## II. *The Guiding Principle: F.D. Rich*

In *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), the Supreme Court held that attorney's fees will not be awarded in a Miller Act suit absent an enforceable contract provision or evidence that an opponent has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." 417 U.S. at 126, 129, 94 S.Ct. at 2163, 2165. The Court found that Congress did not intend to incorporate state law governing the award of attorney's fees in Miller Act litigation, and concluded that "the reasonable expectations of ... potential litigants are better served by a rule of uniform national application." 417 U.S. at 127, 94 S.Ct. at 2164. The Court then determined that there was no compelling reason to create a Miller Act exception to the general American rule, which denies an award of attorney's fees to the prevailing party. 417 U.S. at 129–31, 94 S.Ct. at 2165–66. The clear holding of *F.D. Rich* is that attorney's fees are not generally available in a Miller Act suit even when state law provides for such an award.

## III. *Pendent Jurisdiction Theory*

Despite the Supreme Court's ruling in *F.D. Rich*, the district court awarded attorney's fees to Howell Crane in its Miller Act suit against Andersen and USF & G. The court found that Howell had a separate and independent state law cause of action for breach of contract against Andersen, although such cause of action was not specifically pleaded. The court then assumed pendent jurisdiction over this implied state law claim, and awarded attorney's fees against Andersen pursuant to a Texas statute which provides for attorney's fees in an action on a contract.

No contract had been executed between Howell and USF & G. The court found nevertheless that Howell was entitled to recover attorney's fees against appellant USF & G. The court concluded that under Texas law Howell was a third party beneficiary of USF & G's contract (payment

---

* Circuit Judge of the Ninth Circuit, sitting by designation.

1. The Miller Act requires a federal government contractor to post a payment bond with a surety "for the protection of all persons supplying labor and material in the prosecution of the work provided for" in the contract. 40 U.S.C. § 270a(a)(2) (1982). The Act further provides that any person who has so furnished labor or material and who has not been paid in full within ninety days after the last labor was performed or materials supplied may bring suit in federal court on the payment bond for the unpaid balance. 40 U.S.C. § 270b(a).

2. The general contractor Andersen does not join this appeal of the award of attorney's fees.

bond) with Andersen. The court held that Howell could recover state law breach of contract attorney's fees against USF & G as a third party beneficiary to the Miller Act bond.

We conclude that the district court erred in awarding attorney's fees against USF & G under this pendent jurisdiction theory. Pendent jurisdiction necessarily involves two claims: a federal claim and a state law claim. USF & G was the *Miller Act* surety for Andersen. The Supreme Court has determined that "the Miller Act provides a *federal* cause of action, and the scope of the remedy as well as the substance of the rights created thereby are matters of federal not state law." 417 U.S. at 127, 94 S.Ct. at 2164 (emphasis added).

USF & G's only involvement with Howell was its Miller Act bond. No state law claim was asserted by Howell against USF & G. Thus, there is no basis for a pendent jurisdiction award of attorney's fees against USF & G. *United States ex rel. General Electric Supply Co. v. Minority Electric Co.*, 537 F.Supp. 1018, 1021 (S.D. Ga.1982). *Cf. United States ex rel. Vulcan Materials v. Volpe Construction*, 622 F.2d 880, 886–87 (5th Cir.1980) (Attorney's fees disallowed as to Miller Act surety, but awarded to a surety who executed a payment bond pursuant to state law because this established a separate state law claim).

The district court's award of attorney's fees as provided by Texas law flies in the face of the Supreme Court's clear directive that the award of attorney's fees in Miller Act litigation should not be governed by state law. The Court has determined that the American rule regarding attorney's fees must apply in every Miller Act suit. We must therefore reverse the lower court's award of attorney's fees under its pendent jurisdiction theory.

## IV. *Alternative Grounds*

Perhaps anticipating our rejection of the lower court's rationale, Howell sets out several alternative grounds to uphold the award of attorney's fees against USF & G. We briefly address each of Howell's assertions.

### A. *The Bad Faith Exception*

In *F.D. Rich*, the Supreme Court noted that under the American rule attorney's fees may be awarded to a successful litigant when his opponent has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." 417 U.S. at 129, 94 S.Ct. at 2165. Howell contends that this exception provides an alternative ground for upholding the award of attorney's fees against USF & G.

Howell vigorously asserted this argument before the district court, but the court at least implicitly rejected Howell's bad faith claim when it chose not to rule on this ground. The court made no finding of bad faith against Andersen and USF & G. Nevertheless, on appeal Howell attempts to magnify the district court's conclusion that the defendants had "wrongfully" withheld funds into a finding of bad faith.

The standards for a finding of bad faith are stringent. *Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546, 550 (5th Cir. 1986). Defeat on the merits does not, by itself, justify an award of attorney's fees under the bad faith exception. *In re Owners of Harvey Oil Center*, 788 F.2d 275, 279 (5th Cir.1986). Moreover, this Court will not affirm an award of attorney's fees on a bad faith ground when the lower court made no finding of bad faith, vexatiousness, or oppression. *Illinois Central Gulf Railroad Co. v. Delta Millwork, Inc.*, 802 F.2d 156, 159 (5th Cir.1986). We therefore reject Howell's argument that the award of attorney's fees should be affirmed under the bad faith exception to the American rule.

### B. *Diversity Jurisdiction*

Howell also argues that although attorney's fees are not generally available in Miller Act litigation a different standard applies when a federal court is sitting in diversity jurisdiction. Howell relies on our decision in *United States ex rel. A.C. Garrett v. Midwest Construction Co.*, 619 F.2d 349 (5th Cir.1980). In that case we reversed an award of attorney's fees in a Miller Act claim but allowed attorney's

fees for a state law claim in a diversity action removed and consolidated with the Miller Act case. The court stated that "*F.D. Rich* is not authority for the denial of attorney's fees allowed by state law, when the matter is before the court pursuant to diversity jurisdiction." 619 F.2d at 353.

The short answer to Howell's contention is that it cannot prevail on its diversity jurisdiction argument because the district court was not sitting in diversity. Instead, Howell's own complaint and the district court's memorandum opinion indicate that the court had jurisdiction under the Miller Act. Howell's argument that the district court "inferentially" found diversity jurisdiction is without merit.[3]

But beyond the short answer, Howell misconstrues the *Midwest Construction* case. There the court found that attorney's fees were *not* available for a Miller Act claim, but could be awarded for a state law claim which was removed to federal court and consolidated with the Miller Act case. In the case now before us, Howell's only relationship with USF & G is the Miller Act bond. Howell did not plead a state claim against USF & G over which the district court could exercise diversity jurisdiction.

### C. Contract Provision

Finally, Howell contended on oral argument that the contract between Andersen and Howell provided for attorney's fees to the prevailing party in the event that litigation was required for collection. This Court has upheld the award of attorney's fees in Miller Act litigation when a contract so provides. *United States ex rel. Micro–King Co. v. Community Science*

*Technology, Inc.,* 574 F.2d 1292, 1294–95 (5th Cir.1978); *United States ex rel. Carter Equipment Co., Inc. v. H.R. Morgan, Inc.,* 554 F.2d 164, 165–66 (5th Cir.1977). Although the original contract between Howell and Andersen contained no provision regarding attorney's fees, Howell argues that the contract was modified by a series of invoices which did contain such a provision. These invoices were signed on site by Andersen's field superintendent.

We decline to reach the merits of this argument because Howell failed to assert this theory in the lower court and in its brief on appeal. It is true that Howell alleged in its complaint that the contract between Andersen and Howell provided for attorney's fees. But in two briefs before the lower court and its brief on appeal, Howell did not once argue that attorney's fees were provided for by contract as modified by the field invoices. Indeed, when Andersen and USF & G pointed out in a trial brief that the original contract did not have an attorney's fees provision, Howell did not respond to their argument.[4] Thus, the lower court never ruled on whether the invoices did effect a valid contract modification which provided for attorney's fees because Howell neglected to pursue this claim.

At oral argument, counsel for Howell conceded that his contractual argument for attorney's fees was not raised in the lower court or in the briefs on appeal because he developed the contract modification theory only a few days prior to the argument. This court has emphasized, however, that "[t]he time for sorting out theories begins long before the filing of a notice of appeal." *Commercial Standard Ins. Co. v. Bryce Street Apartments, Ltd.,* 703 F.2d 904, 908 (5th Cir.1983). Accordingly, we

---

3. Howell claims that the district court "inferentially" found diversity jurisdiction because the court's findings of fact state that the three parties are incorporated under the laws of three different states. In the very next finding, however, the court explicitly stated that it had jurisdiction over Howell's action pursuant to the Miller Act. We see no reason to "infer" any other ground for jurisdiction in the face of this clear and correct statement by the lower court. Moreover, we note that Howell did not plead and the court did not make any finding regard-

ing USF & G's principal place of business. This is a necessary prerequisite to diversity jurisdiction. *Illinois Central Gulf Railroad Co. v. Pargas, Inc.,* 706 F.2d 633, 637 (5th Cir.1983).

4. We note that Howell, as plaintiff below, had ample opportunity to raise its contractual attorney's fees claim. The invoices in question were prepared by Howell, and thus presumably in Howell's possession.

refuse to consider an issue that is not first presented to the district court unless the issue is purely legal and refusal to consider it would result in a miscarriage of justice. *C.F. Dahlberg & Co. v. Chevron USA, Inc.*, 836 F.2d 915, 920 (5th Cir.1988); *In re Goff*, 812 F.2d 931, 933 (5th Cir.1987). Moreover, we also require that arguments raised on appeal must be included in the appellate brief or they may be considered waived. *Franceski v. Plaquemines Parish School Board*, 772 F.2d 197, 199 n. 1 (5th Cir.1985); *In re Texas Mortgage Services Corp.*, 761 F.2d 1068, 1073 (5th Cir. 1985).

Under the circumstances of this case, we readily conclude that no miscarriage of justice would result by our failure to entertain Howell's contractual argument for attorney's fees which Howell neglected in the court below. We also find that in failing to raise this theory in its brief on appeal Howell has waived any contractual claim to attorney's fees. We therefore decline to reach the merits of this argument. We cannot uphold the district court's award of attorney's fees on a contractual ground.

### V. *Conclusion*

The district court's award of attorney's fees against USF & G is the only holding of the lower court at issue before us. The award of fees under a pendent jurisdiction theory was in error. It cannot be reconciled with the Supreme Court's decision in *F.D. Rich.* Nor are there alternative grounds to uphold the lower court's ruling. We therefore reverse the award of attorney's fees against USF & G.

REVERSED.