UNITED STATES of America for the use and benefit of MARIS EQUIPMENT COMPANY, INC., Plaintiff,

v.

MORGANTI, INC. and Trataros Construction, Inc. d/b/a Morganti/Trataros Joint Venture, American Home Assurance Company and Seaboard Surety Company, Defendants.

Morganti, Inc. and Trataros Construction, Inc., d/b/a Morganti/Trataros Joint Venture, American Home Assurance Company and Seaboard Surety Company, Plaintiffs.

v.

Liberty Bond Services, Inc., Defendant.

United States of America for the use and benefit of Industrial Acoustics, Company, Inc., Plaintiff,

v.

Maris Equipment Company, Inc., Maris Equipment Company, Inc., Insurance Company of North America and Liberty Mutual Insurance Company, Defendants.

Maris Equipment Company, Inc., Third–Party Plaintiff,

v.

Morganti, Inc. and Trataros Construction, Inc. d/b/a Morganti–Trataros Joint Venture, American Home Assurance Company and Seaboard Surety Company, Third–Party Defendants.

Nos. 96–CV–2205 (FB), 97–CV–1543 (FB), 96–CV–2854 (FB).

United States District Court,
E.D. New York.

Nov. 13, 2001.

Michael Torre, Mark Gamell, Benjamin D. Lentz, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho, New York, for Maris Equipment Company, Inc. and for Liberty Bond Services, Inc.

Louis R. Pepe, Timothy T. Corey, Richard F. Wareing, Wendy S. Kennedy, Pepe & Hazard LLP, Hartford, Connecticut, for Morganti, Inc. and Trataros Construction, Inc. d/b/a Morganti / Trataros Joint Venture, American Home Assurance Company and Seaboard Surety Company.

### MEMORANDUM AND ORDER

BLOCK, District Judge.

On September 20, 2001, the Court issued a decision and order awarding judgment in favor of Maris Equipment Company, Inc. ("Maris") against Morganti/Trataros Joint Venture ("Morganti"), which included prejudgment interest under New York law at a rate of nine percent per annum accruing from May 3, 1996. *See U.S. ex rel. Maris Equip. Co., Inc. v. Morganti, Inc.,* 163 F.Supp.2d 174, 202 (E.D.N.Y.2001). Familiarity with that decision is presumed. In conclusion, the Court directed that judgment be settled and "presum[ed]" that the proposed judgment would provide for joint and several liability against Morganti's sureties (American Home Assurance Company and Seaboard Surety Company) "in the sum of $2,500,000, plus interest." *Id.* The Court further stated that if "the Court's presumption is incorrect, the parties will notify the Court, prior to the

settlement date, of the nature of their disagreement." *Id.*

The Court has received a proposed judgment from Morganti and its sureties and a separate proposed judgment from Maris. They are identical except with respect to the sureties' liability for prejudgment interest. The sureties claim that they cannot be held liable for prejudgment interest in excess of the penal sum of the bond. They acknowledge that the penal sum of the bond is $2,500,000, and they do not take issue with the mathematical calculation of interest advanced by Maris or with the accrual date.

The liability of the sureties arises exclusively under the Miller Act. *See Maris Equip. Co.,* 163 F.Supp.2d at 179 (citing *United States ex rel. Cal's A/C and Elec. v. Famous Constr. Corp.,* 220 F.3d 326, 329 n. 8 (5th Cir.2000)). Accordingly, any award of prejudgment interest against the sureties is a matter of federal law. *See United States ex rel. Treat Bros. Co. v. Fidelity & Deposit Co.,* 986 F.2d 1110, 1120 n. 9 (7th Cir.1993); *United States ex rel. Balf Co. v. Casle Corp.,* 895 F.Supp. 420, 429–30 (D.Conn.1995). Since the Miller Act is silent on the issue of prejudgment interest, federal courts have consistently looked to state law as an appropriate source of guidance. *See, e.g., United States ex rel. F & G Mech. Corp. v. Manshul Constr. Corp.,* No. 94 CV 2436(CLP), 1998 WL 849327, at *27 (E.D.N.Y. Oct.1, 1998) (awarding Miller Act prejudgment interest at the New York rate); *United States ex rel. Strober N.J. Bldg. Supply Ctrs., Inc. v. Aetna Cas. & Sur. Co.,* No. 94 CV 5283, 1995 WL 450977, at *1 (E.D.N.Y. July 21, 1995) (same); *Balf Co.,* 895 F.Supp. at 429 (awarding Miller Act prejudgment interest at the Connecticut rate). New York law is an appropriate source of guidance since it is the forum state and has the most signif-

icant contacts to the contract. *See Manshul Constr. Corp.,* 1998 WL 849327, at *27 ("federal courts look to the law of the forum state to determine the appropriate interest rate" in Miller Act claims); *see also Maris Equip. Co.,* 163 F.Supp.2d at 188 n. 10. Section 7–301 of New York General Obligation Law provides: "In the event of payment, the amount recoverable from a surety shall not exceed the amount specified in the undertaking *except that interest in addition to this amount shall be awarded from the time of default by the surety.*" (emphasis added). *See also Clarkstown v. North River Ins. Co.,* 803 F.Supp. 827, 830 (S.D.N.Y.1992) (applying New York law and awarding prejudgment interest against surety in excess of bond).

The Second Circuit has instructed that prejudgment interest under the Miller Act is compensatory, and is "committed to the sound discretion of the district court." *United States v. Seaboard Surety Co.,* 817 F.2d 956, 966 (2d Cir.1987) (citing *Rodgers v. United States,* 332 U.S. 371, 373, 68 S.Ct. 5, 92 L.Ed. 3 (1947)). In order to fully compensate the plaintiff, prejudgment interest "may cause the surety's obligation to exceed the penal sum of the bond." *Insurance Co. of North America v. United States,* 951 F.2d 1244, 1246 (Fed. Cir.1991).

In the exercise of the Court's discretion, prejudgment interest is awarded against the sureties on the full sum of their bond at the New York rate of nine percent per annum accruing from May 3, 1996. Judgment will be entered in accordance with Maris' proposed judgment.

**SO ORDERED**