**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 26, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-31016
Summary Calendar

_____


HORACE TOPPINS, JR. ,

Plaintiff - Appellant,


versus


ED C. DAY, JR., Warden, Washington Correctional Institute;
TOMMY BRUMFIELD, Colonel, Washington Correctional Institute;
DENNIS WHEAT, Lieutenant Colonel, Washington Correctional Institute;
GLORIA WOOD, Record Controller, Washington Correctional Institute;
SUSAN WHEAT, Account Specialist, Washington Correctional Institute;
ROBERT TANNER, Deputy Warden, Washington Correctional Institute;
DANNY RUSTER, Captain, Washington Correctional Institute;
RONALD BRANCH, Lieutenant, Washington Correctional Institute;
RICHARD STALDER, Secretary, Department of Corrections;
JAMES MILLER, Assistant Warden, Washington Correctional Institute;
M. L. MCCLOUD, Director of Classification, Washington Correctional Institute;
WILLIAM BUCKALEW, Classification Officer, Washington Correctional Institute;
JERRY YOUNG, Classification Officer, Washington Correctional Institute;
TODD LEDET, Major of Security, Washington Correctional Institute;
BILLY ANDERSON, Lieutenant of Security, Washington Correctional Institute

Defendants - Appellees.


_____

Appeal from the United States District Court for the
Eastern District of Louisiana
No. 98-CV-3753-E

_____


Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this 42 U.S.C. § 1983 civil rights action, Appellant Horace Toppins, Jr. ("Toppins"), a Louisiana prisoner (# 119405), appeals from two district court orders adopting magistrate recommendations dismissing the bulk of his claims against various prison officials at Washington Correctional Institute ("WCI"), including the Secretary of the Department of Corrections, the warden, the deputy warden, the assistant warden, a colonel, a lieutenant colonel, the record controller, an account specialist, a captain, a lieutenant, the director of classification, two classification officers, a major of security and a lieutenant of security ("Prison Officials") and a district court order granting Prison Officials' summary judgment motion as to Toppins' remaining claims. Finding no error, we affirm.

## I. FACTS AND PROCEEDINGS

Toppins has, at all times relevant to these proceedings, been in custody at WCI. Toppins claimed that, although his hair had been in dreadlocks for nearly two years prior to the events at issue, no WCI official had indicated to him that the hairstyle was improper. Starting on August 13, 1998, and continuing through at least December 21, 1999, Toppins was repeatedly given disciplinary citations for refusing to either remove his hair from the dreadlocks or cut off his dreadlocks. Some of these citations were appealed; some were not. Some of these citations resulted in a loss of good time credits; others resulted in placement in extended lockdown, restriction of telephone access, cell confinement, and the like. On a single occasion Toppins was not permitted to go to a scheduled doctor's appointment because of his refusal to remove his dreadlocks. On another occasion, Toppins

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2

was not permitted to appear in court, again because of his refusal to remove his dreadlocks.

Toppins filed this federal lawsuit and the district court adopted the magistrate's first set of recommendations ("magistrate's first report") dismissing several of his claims. After Toppins was permitted to file an amended complaint, the district court adopted the magistrate's second set of recommendations ("magistrate's second report") that a large number of his claims should be dismissed either as frivolous, for failure to exhaust administrative remedies, or for failure to meet *Heck v. Humphrey*, 512 U.S. 477 (1994).

After adopting the magistrate's first and second reports, the district court granted summary judgment to Prison Officials on Toppins' four remaining claims.

## II. STANDARD OF REVIEW

The dismissal of claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)[1] is reviewed for an abuse of discretion. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). Claims reviewed under this standard are III.A.(1) and III.B.(7). On the other hand, the dismissal of claims as frivolous under 28 U.S.C. § 1915A[2] is reviewed *de novo*. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998). Claims III.B.(1)-(4) are reviewed under this standard. Also relevant for purposes of this appeal is that *de novo* review is given to claims dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),[3] failure to

---

[1]28 U.S.C. § 1915(e)(2)(B)(i) states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious."

[2]28 U.S.C. § 1915A states that "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted."

[3]28 U.S.C. § 1915(e)(2)(B)(ii) states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal fails to state a claim on which relief may be granted."

3

state a claim on which relief can be granted. Claims reviewed under this standard are III.A.(2)-(3).

The grant of a motion for summary judgment is given *de novo* review. *Whittaker v. BellSouth Telecom., Inc.*, 206 F.3d 532, 534 (5th Cir. 2000). Toppins' last four claims, III.C.(1)-(4), are therefore reviewed using this standard. Conclusions of law are also reviewed *de novo*. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000). Claims reviewed under this standard are III.B.(5)-(6), III.B.(8), and III.B.(10)-(14). Finally, dismissals for failure to exhaust state administrative remedies are reviewed *de novo*. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). This standard of review was therefore applied to claim III.B.(9).

## III. DISCUSSION

As we must construe a *pro se* plaintiff's complaint liberally, *see Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986), Toppins seems to appeal all of the dismissals of his claims. We will therefore evaluate each claim of the magistrate's first report, the magistrate's second report, and the district court's ruling on Prison Officials' Motion for Summary Judgment.

A.      Magistrate's First Report

*(1)      First Amendment Free Exercise Claim*

The magistrate recommended dismissal of this claim pursuant to 28 U.S.C. § 1915(d). Section 1915 governs, among other things, dismissals of *in forma pauperis* claims if they are frivolous, malicious, fail to state a claim on which relief can be granted, or allege poverty when untrue.[4] A claim is frivolous if it lacks "an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d

---

[4]The magistrate's first report repeatedly referred to dismissals under 28 U.S.C. § 1915(d). Prior to the 1996 Amendment which created subsection (e), subsection (d) was used to dismiss claims when the allegations of poverty were untrue or when the claims were frivolous. Since

504, 507 (5th Cir. 1999). The magistrate's report indicated that Toppins had "failed to identify an arguable basis in law for his free exercise claim." 2 R. 446. The district court, in adopting the magistrate's recommendation, did not abuse its discretion because prison grooming policies requiring inmates to maintain short hair need only be reasonably related to legitimate penological interests. *Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001). The "reasonably related" standard applies even when the prisoner alleges a violation of fundamental constitutional rights. *Id.* This Court has recognized as a general matter that "prison grooming regulations, including specifically the requirement that a prisoner cut his hair and beard, are rationally related to the achievement of valid penological goals, such as security and inmate identification." *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). Because Toppins failed to identify an arguable basis of law on which to rest his First Amendment free exercise claim, it was properly dismissed as frivolous.

*(2)     Fifth Amendment Self-Incrimination Claim*

Toppins' Fifth Amendment claim was dismissed for failure to "state a cognizable claim." Toppins alleges that the magistrate and district court misconstrued his Fifth Amendment argument, and that either the placement of "Fifth" in his brief was a typographical error or he meant to make a Fifth Amendment void-for-vagueness argument. Under either theory, Toppins' claim is frivolous. If Toppins meant to make a Fourth Amendment argument, and mistakenly wrote "Fifth," the argument still has no basis in law, and was therefore properly dismissed as frivolous. *See* Part III.B.(4), *infra*. If Toppins meant to make a void-for-vagueness argument, that too has no basis in law. The void-for-vagueness doctrine has been used, in large part, to strike criminal laws. *Groome*

---

subsection (d) no longer governs the dismissal of claims, we construe the magistrate as having intended to dismiss the claims under subsection (e).

*Resources, Ltd. v. Parish of Jefferson*, 234 F.3d 192, 217 (5th Cir. 2000). Toppins makes no argument for, and finds no cases supporting, his contention that prison regulations can be found void for vagueness under the Fifth Amendment. Because this argument has no basis in law, it was properly dismissed as frivolous.

*(3)     Ninth Amendment Privacy Claim*

Toppins' Ninth Amendment claim was dismissed for failure to "state a cognizable claim." Looking at all the facts in evidence, Toppins was unable to cite a single decision that holds that a *prisoner's* right to wear his hair in a manner of his own choosing is protected by the Ninth Amendment.[5] Because Toppins failed to identify an arguable basis of law on which to rest his Ninth Amendment privacy claim, it was properly dismissed as frivolous.

B.     Magistrate's Second Report

*(1)     First Amendment Freedom of Association Claim*

This Circuit has long-viewed the right of freedom of association in the context of its historical implications: "it is not simply a right to associate physically; it is a right to associate physically for the purpose of expressing ideas." *Thorne v. Jones*, 765 F.2d 1270, 1274 (5th Cir. 1985). It is clear that Toppins "maintain[s] no right to simple physical association--with [his] parents or with anyone else--grounded in the first amendment." *Id.* As there is no arguable basis in law for Toppins' freedom of association claim, it was properly dismissed as frivolous.

*(2)     Eighth Amendment Cruel and Unusual Punishment Claim - Visitation*

Toppins failed to allege that revocation of his visitation rights was inflicted gratuitously and

---

[5] Toppins' claim is further compromised by this Circuit's determination that a rational relationship exists between prison grooming regulations and legitimate penological interests. *See* III.A.(1), *supra*.

without penological justification. The magistrate's report accurately reflects the state of the law, and that "limitations of visitation may be imposed only if they are necessary to meet legitimate penological objectives, such as rehabilitation and the maintenance of security and order." *Lyncott v. Henderson*, 610 F.2d 340, 342-43 (5th Cir. 1980). While the *Lyncott* court observed that the prison procedures and safeguards must be evaluated to assure furtherance of penological objectives, no such evaluation was made by the magistrate in this case. 3 R. 568. Despite that shortcoming, we find that the record, which includes visitation policies for prisoners, suggests the penological reasons behind limitations, including safety and penalization. *See*, *e.g.*, 3 R. 698 (denying approval to proposed visitors charged with three or more felonies in the past five years); 3 R. 703 (denying those in extended lockdown physical contact with visitors). Because Toppins presented no arguable basis in law for his Eighth Amendment claim to visitation, it was properly dismissed as frivolous.

*(3)     Fourteenth Amendment Due Process Claim - Visitation*

The Supreme Court has ruled that prisoner's right to unfettered visitation is not directly protected by the Due Process Clause. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Instead, a prisoner would only have a due process interest in visitation if a state statute created that interest. *Id.* Not only has Toppins failed to allege that a state statute creates such an interest in this case, but such an interest, if alleged, would be barred by *Sandin v. Conner*, 515 U.S. 472, 484 (1995), because the denial of visitation for a period of time is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Toppins failed to identify an arguable basis of law for his Fourteenth Amendment due process claim to visitation; the claim was properly dismissed as frivolous.

7

*(4)      Fourth Amendment Search and Seizure Claim*

Toppins claimed that the decision to search his dreadlocks only occasionally violated his rights under the Fourth Amendment. The magistrate correctly noted that Toppins merely alleged that the search of his hair was inconsistent, not that it was unreasonable. 3 R. 570-71. Toppins offered no support that he had a cognizable claim under the Fourth Amendment. Because there is no arguable basis of legal support for this claim, the district court correctly dismissed the Fourth Amendment inconsistent search claim as frivolous.

*(5)      Fourteenth Amendment Due Process Claim - September 25, 1998 Hearing[6]*

As a result of the September 25 hearing, Toppins was given ten days in isolation, a ruling which he appealed. Under *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974), due process in state prison disciplinary hearings requires that: (1) the prisoner be provided with 24 hours advance written notice, informing him of the charges against him; (2) upon a guilty finding by the disciplinary body, the fact finders present the prisoner with a written statement of the disciplinary action taken and the evidence relied upon; (3) the charged prisoner be given the opportunity to present his side of the story and to call witnesses on his behalf; and (4) the disciplinary body be detached and neutral. Toppins made no allegations that he was not given sufficient notice, or that he did not receive the written statement of his infraction. Toppins neither alleged that he was not permitted to put on a defense, nor that the fact-finders were not neutral. Because Toppins failed to create an arguable factual or legal basis for a determination in his favor, the claim was properly dismissed as frivolous.

*(6)      First Amendment Right of Access Claim - Three-Book Limit[7]*

---

[6]The magistrate failed to cite any statutory authority for this dismissal as frivolous.

[7]The magistrate failed to cite any statutory authority for this dismissal as frivolous.

8

While prisoners have a constitutionally protected right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), this Court has not extended this right to encompass more than the ability to prepare and transmit a necessary legal document to the court. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). A prisoner must show he incurred an actual injury in order to prevail on a denial of access claim. *Lewis v. Casey*, 518 U.S. 343, 350-52 (1996). Here, even if the three-book limit placed on those in extended lockdown somehow affected Toppins' right of access to the courts, he has failed to allege an actual injury. In fact, Toppins' memoranda and briefs are replete with abundant and relevant legal citations. Toppins' failure to create an arguable basis in law to support his First Amendment freedom of access claim dictates dismissal of the claim as frivolous.

*(7)     Sixth Amendment Right to Counsel Claim - Hearings and Suit*

The Supreme Court foreclosed the alleged right to counsel in prison disciplinary proceedings in *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974). Any claim to counsel in such circumstances has no arguable legal basis, and Toppins' claim to such counsel was properly dismissed. Although Toppins claimed a right to assistance of counsel in the district court proceedings below, that determination was vested in the discretion of the district court. Seeing no abuse of discretion in the denial of assistance of counsel, the district court properly dismissed this claim as frivolous.

*(8)     § 1983 Retaliation Claim*

"To state a valid claim for retaliation under section 1983, a prisoner must allege: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). If a prisoner fails to establish that a constitutionally-protected right has been

9

violated, the retaliation claim must fail. *Id.* at 325. Because we have already determined that Toppins' claims of constitutionally-protected dreadlocks fail, so also must his claim of retaliation.

*(9)     Fourteenth Amendment Equal Protection Claim - Different Treatment of Black Inmates*

Prisoners filing a § 1983 claim must allege that they went through proper administrative procedures on any claim raised by the federal suit. *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001). Toppins was required to exhaust his available state law remedies for his equal protection claim of disparate treatment of black and white inmates regarding hair length. Toppins does not allege that he exhausted his state law remedies; his equal protection claim is therefore premature and must fail.

*(10)    Fourteenth Amendment Due Process Claim - August 13, 1998 Hearing*

The magistrate recommended dismissal of this claim for failure to meet the standard enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* states that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. The challenge is subject to *Heck* if a result in favor of the prisoner would necessarily imply the invalidity of the punishment; this is the result even if the procedures used in a disciplinary hearing are challenged, instead of the end result of revocation of good time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The disciplinary action of August 13 has not been reversed or overturned, and it resulted in

10

the loss of 30 good time credits. 1 R. 261. Because Toppins' claim relating to the disciplinary proceedings on August 13 fails to meet *Heck*, it was properly dismissed.

*(11)    Fourteenth Amendment Due Process Claim - October 5, 1998 Hearing*

The October 5 hearing resulted in placement in extended lockdown, and not in the loss of good time credits. Under *Sandin v. Conner*, placement in disciplinary segregation, without more, does not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" and therefore this penalty is "within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." 515 U.S. 472, 486-487 (1995). We may affirm a district court's ruling on any legal grounds supported by the record, whether relied upon by the district court or not. *United States ex rel. Cal's A/C and Electric v. The Famous Constr. Corp.*, 220 F.3d 326, 329 (5th Cir. 2000). Because placement in extended lockdown is not a significant enough deprivation to survive *Sandin*, the claim was properly dismissed.

*(12)    Fourteenth Amendment Due Process Claim - May 28, 1999 Hearing*

The magistrate's report indicates that for a May 27, 1999 infraction Toppins was returned to "lockdown for 60 days." 3 R. 576. The disciplinary report in the record, however, indicates that Toppins was subjected to the loss of 60 days of good time credits, and that this disciplinary action has not been overruled or overturned. *Heck* therefore governs this revocation of good time credits. Because Toppins' claim relating to the disciplinary proceedings on August 13 fails to meet *Heck*, it was properly dismissed.

*(13)    Fourteenth Amendment Due Process Claim - August 6, 1999 Hearing*

11

The disciplinary action of August 16 has not been reversed or overturned, and it resulted in the loss of 180 good time credits. Because Toppins' claim relating to the disciplinary proceedings on August 16 fails to meet *Heck*, it was properly dismissed.

*(14)     Unconstitutionality of Prison Regulations*

This Circuit has held that a facial challenge to the constitutionality of a prison regulation is subject to the requirements of *Heck* and *Edwards*, provided that a declaration that the rule is unconstitutional would "automatically entitle" the prisoner to the reinstatement of good time credits. *Clarke v. Stalder*, 154 F.3d 186, 190 (5th Cir. 1998). All of Toppins' disciplinary reports relate to infractions of the very rules he seeks to have declared unconstitutional. Since the challenged rules resulted in the loss of more than 600 days of good time credits, declaring those rules unconstitutional would likely reinstate those same credits. Further, none of the disciplinary proceedings have been overruled or overturned. Because Toppins' claim facially challenging the constitutionality of prison regulations fails to meet *Heck*, it was properly dismissed.

*(15)     Injunctive Relief from Prison Regulations*

Toppins' alleged right to injunctive relief is necessarily predicated upon the availability of his other claims. Since none of the claims survive, he is not entitled to injunctive relief.

C.     Motion for Summary Judgment

*(1)     Eighth Amendment Cruel and Unusual Punishment Claim - Missed Doctor's Appointment*

Toppins alleged that Prison Officials were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, when they refused to transport him to a hospital for treatment of his glaucoma. He was unable to offer any evidence that missing this single appointment either adversely affected his medical condition or put him at a "substantial risk of serious harm." *See*

12

*Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Because Toppins was unable to create a genuine issue as to the effect of his missing one medical appointment, summary judgment was properly granted.

*(2)     First Amendment[8] Right of Access Claim - Missed Scheduled Court Hearing*

Toppins alleges that he was not permitted to leave WCI pursuant to a subpoena, and that as a result, he was denied access to the courts.  Again we note that prisoners filing a § 1983 claim must allege that they went through proper administrative procedures on any claim raised by the federal suit. *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001).  Toppins was required to exhaust his available state law remedies for his denial of access claim.  Because Toppins does not allege that he exhausted his state law remedies his equal protection claim is premature and must fail.

*(3)     First Amendment Freedom of Expression Claim - No Personal Mail*

Toppins alleged that his access to non-legal newspapers and periodicals was heavily restricted while he was on extended lockdown.  While Prison Officials may have had a legitimate interest in the security of those in extended lockdown, they were unable to provide documentary evidence to support this interest.  Even though there may have been a factual dispute as to this issue, the dispute is not material because there can be no doubt that Prison Officials were entitled to qualified immunity for their actions.  The qualified immunity doctrine protects a government official performing discretionary functions from liability for civil damages, as long as the alleged wrongdoing meets the test of "objective legal reasonableness." *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998).  In order to defeat Prison Officials' motion for summary judgment, Toppins had to establish that a reasonable

---

[8]Although the district court couched the right of access to the courts in the Fourteenth Amendment, 6 R. 1458, the right of access to the court system comes from the First Amendment. *See Ogan v. Cockrell*, 297 F.3d 349, 357 (5th Cir. 2002).

prison official could not have believed that the reading-materials restrictions passed muster under the First Amendment, based on a balancing of factors under *Turner v. Safley*, 482 U.S. 78, 89 (1987). Toppins failed to present any evidence to contradict assertions of qualified immunity, and therefore summary judgment was properly granted.

*(4)     State Law Malfeasance*

This Court has concluded from the evidence in the record that Toppins has no remaining claims. Because we have found no violation of Toppins' constitutional or civil rights, his state law malfeasance of office claim necessarily fails.

## IV.  CONCLUSION

For the stated reasons, the judgment of the district court is AFFIRMED.