Louis **DIDOMENICO, dba: Quality Consultants, Plaintiff— Appellant,**

**and**

**United States of America, Plaintiff,**

v.

**NORTH AMERICAN CONSTRUCTION CORPORATION; et al., Defendants— Appellees.**

No. 01–16948.

D.C. No. CV–98–20478–JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 24, 2004.

Decided April 8, 2004.

George W. Wolff, San Francisco, CA, for Plaintiff–Appellant.

David A. Schnider, Sedwick, Detert, Moran & Arnold, LLP, Los Angeles, CA, James P. Diwik, Sedgwick, Detert, Moran & Arnold, San Francisco, CA, for Defendants–Appellees.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Louis Didomenico, doing business as Quality Consultants, appeals the district court's summary judgment dismissal of Di-

domenico's action to recover under North American Construction Corporation's Miller Act payment bond. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002). We affirm.

Because the parties are familiar with the facts of this case, we recite them only as necessary to this decision.

Didomenico argues that the district court erred in holding that penalties and attorneys' fees allowed in Cal. Bus. & Prof. Code § 7108.5 are not "sums justly due" under the Miller Act, 40 U.S.C. §§ 270b(a) (2001).[1] However, federal law, not state law, determines the remedies under the Miller Act. *F.D. Rich Co. v. Indus. Lumber Co.,* 417 U.S. 116, 127, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974); *United States ex rel. Walton Tech., Inc. v. Weststar Eng'g, Inc.,* 290 F.3d 1199, 1206 (9th Cir.2002). Because the contract in this case did not provide for fees or penalties, Didomenico was not entitled to attorneys' fees or penalties as "sums justly due" under the Miller Act. *F.D. Rich,* 417 U.S. at 126–27.

Didomenico argues that § 3905(j) of the Prompt Payment Act, 31 U.S.C. § 3905(j), incorporates state remedies as "sums justly due" under the Miller Act, effectively overruling *F.D. Rich.* This claim fails. The plain language of § 3905(j) of the Prompt Payment Act allows supplemental state law claims against contractor. It does not incorporate state law remedies into the Prompt Payment Act or Miller Act as Miller Act remedies that can be recovered from the surety or Miller Act

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. On August 21, 2002, Congress repealed §§ 270a–d. *See* Pub.L. No. 107–217, § 6(b), 116 Sat 1062, 1304, 1309–10 (2002). Because this case was pending on appeal, the prior §§ 270a–d apply to this case. *Id.* § 6(b), 116 Stat. 1304.

bond. *See* 31 U.S.C. § 3905(j); *United States ex rel. Cal's A/C & Elec. v. The Famous Const. Corp.*, 220 F.3d 326, 328 (5th Cir.2000).

Although supplemental state claims may be asserted against a subcontractor, Didomenico did not assert supplemental state law claims against the contractor in district court. Thus, the district court did not abuse its discretion in treating all of the claims in this case as Miller Act claims.

AFFIRMED.